**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

OTIS WILLIAMS, # 219940,    :

   **Plaintiff,**     :

**vs.**         :  **CIVIL ACTION  22-0101-KD-MU**

**B.C.O. RIVERS,**     :

   **Defendant.**    :


## REPORT AND RECOMMENDATION

   Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, together with a Motion to Proceed Without Prepayment of Fees.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen.LR 72(a)(2)(R) and is now before the Court for Plaintiff's failure to pay the partial filing fee.

   Upon consideration of Plaintiff's Motion to Proceed Without Prepayment of Fees (Docs. 2, 5), the Court ordered, on April 22, 2022, he pay a partial filing fee of $89.25 within twenty-one days.  (Doc. 6, PageID.24).  Plaintiff was cautioned that the failure to pay the partial filing fee would result in the dismissal of his action for failure to prosecute and to comply with the Court's order.  (*Id.* at 2, PageID.25).  To date, Plaintiff has not paid the partial filing fee, nor has Plaintiff's copy of the order been returned to the Court.

   Since Plaintiff notified the Court of a change in his address to Limestone Correctional Facility (Doc. 4), he has been transferred to William E. Donaldson Correctional Facility according Alabama Department of Corrections' website.

*www.doc.state.al.us/inmate info* (last visited June 30, 2022). Plaintiff has not notified the Court of this address change as he was required to do. (Doc. 1 at 7, PageID.7; Doc. 6 at 3, PageID.26). The Clerk is therefore directed to update the docket with Plaintiff's new address, William E. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35203-7299.

Courts are vested with the power to dismiss an action when the plaintiff fails to pay the partial filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1321-22 & n.7 (11th Cir. 2002); *see Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (the court's authority to dismiss an action *sua sponte* for lack of prosecution is considered an inherent power of the court); *Saint Vil v. Premier Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) ("Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.") (citation and internal quotation marks omitted). However, when dismissing an action for failure to pay the partial filing fee, courts must give the plaintiff an opportunity to explain his failure to pay the partial filing fee. *Wilson,* 313 F.3d at 1321. Thus, if Plaintiff disputes the finding of failure to pay the partial filing fee and wants to proceed with the litigation of his action, he shall state in an objection to the Report and Recommendation the reasons for his failure to pay. *Id.* Alternatively, Plaintiff can pay the partial filing fee as previously ordered in the objection period.

Accordingly, it is recommended that this action be dismissed without prejudice for Plaintiff's failure to comply with the Court's order and to prosecute this action by paying the partial filing fee.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 1st day of July, 2022.


/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**